AO 245B (Rev 12/10) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
### District of New Mexico

UNITED STATES OF AMERICA
V.

**Damon Largo**

**Judgment in a Criminal Case**

(For Offenses Committed On or After November 1, 1987)
Case Number: **1:09CR03447-001JB**
USM Number: **48896-051**
Defense Attorney: **Richard Winterbottom, Appointed**

THE DEFENDANT:

☒ pleaded guilty to count(s) **2 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 2244(a)(5), 18 U.S.C. Sec. 2246(3) | Abusive Sexual Contact, Crime in Indian Country, 18 U.S.C. Sec. 1153 | 02/12/2008 | 2 |

The defendant is sentenced as provided in pages 2 through **8** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **1** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**November 30, 2011**

Date of Imposition of Judgment

**/s/ James O. Browning**

Signature of Judge

**Honorable James O. Browning**
**United States District Judge**

Name and Title of Judge

**December 28, 2011**

Date Signed

Defendant: **Damon Largo**
Case Number: **1:09CR03447-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **12 months and 1 day** .

**The Court incorporates by reference its Amended Memorandum Opinion and Order, filed December 27, 2011 (Doc. 64)("MOO"). Defendant Damon Largo, pursuant to a Plea Agreement, filed April 21, 2011 (Doc. 42), pled guilty to Count II the Indictment, filed December 2, 2009 (Doc. 1), charging him with a violation of 18 U.S.C. § 2244(a)(5), that being abusive sexual contact of a child under twelve years of age. The Plea Agreement stipulates to a specific sentence of 12-months and one-day of imprisonment. See Plea Agreement ¶ 10(a), at 4. Pursuant to the Plea Agreement, Largo is precluded from seeking any other downward departure or other variance in his sentence. See Plea Agreement ¶ 10(a), at 4.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Largo on June 30, 2011. In the PSR, the USPO calculates Largo`s total offense level as 38. See PSR ¶ 32, at 9. Largo`s base offense level is 30 pursuant to U.S.S.G. § 2A3.4(a)(3). See PSR ¶ 23, at 7. The PSR includes a 4-level upward adjustment, as U.S.S.G. § 2A3.1(b)(2) requires, because J.L. had not yet attained the age of twelve. See PSR ¶ 24, at 8. The PSR also includes a 2-level upward adjustment, pursuant to U.S.S.G. § 2A3.1(b)(3)(A), because J.L. was under Largo`s supervisory control at the time of the offense. See PSR ¶ 25, at 8. The PSR then increases Largo`s offense level 5-levels under U.S.S.G. § 4B1.5(b)(1), because Largo admitted to touching J.L. on at least two occasions, and J.L. stated that he had touched her inappropriately since she was seven-years old. See PSR ¶ 29, at 8. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Largo`s acceptance of responsibility. See PSR ¶ 31, at 9. The PSR calculates Largo`s criminal history category as I, based on 0 criminal history points. See PSR ¶ 36, at 9. The PSR determines that a total offense level of 38 and a criminal history category of I establishes a guideline of imprisonment range of 235 to 293 months imprisonment. See PSR ¶ 54, at 12. On July 11, 2011, the USPO disclosed the Addendum to the Presentence Investigation Report to correct some information in the PSR. See Addendum to the Presentence Investigation Report (disclosed July 11, 2011). There being no disputes about the factual findings in the PSR, the Court adopts them as its own.**

**Largo asks the Court for a 12-month and one-day sentence. Plaintiff United States of America agreed to this sentence in the Plea Agreement. See Plea Agreement ¶ 10(a), at 4. At the sentencing hearing on July 27, 2011, the parties agreed to the Court reducing Largo`s offense level 3-levels pursuant to U.S.S.G. § 3E1.1. The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 38 and a criminal history category I produces a guideline sentence of 235 to 293 months.**

**The Court notes that Largo inappropriately touched his eleven-year old niece on her breasts and genitalia with his hand underneath her clothing. See Plea Agreement ¶ 8, at 3-4. The Court has carefully considered the guidelines, but in arriving at its sentence, has taken into account not only the guidelines, but other sentencing goals. Specifically, the Court has considered the guideline sentencing range for the applicable category of offense committed by the applicable category of defendant. The Court does not believe that the punishment set forth in the guidelines is appropriate for this sort of offense. The Court is satisfied that the agreed upon sentence departs for justifiable reasons. The Court`s ex parte conversation with the United States at the bench during the sentencing demonstrated that the United States would face significant difficulties if the case were to proceed to trial. Furthermore, Largo convincingly argued that he could establish doubts about J.L.`s veracity and that J.L. is reluctant to proceed to trial. Largo`s defense counsel is well-respected, and has secured acquittals in this Court. The United States also admitted that it would face significant evidentiary hurdles at trial to establish beyond a reasonable doubt that Largo committed the indicted acts. The Court agrees with the parties that a sentence of 12-months and one-day, given the circumstances of this case, reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public. Largo`s crime is serious, and he should receive some punishment. There is a lack of respect for the law if he receives no punishment, which is possible if the Court rejects the Plea Agreement and forces the parties to try the case. While the Court is concerned whether the proposed sentence provides adequate deterrence on a specific or more general basis, some sentence is more just than no sentence. Similarly, the Court is concerned whether the proposed sentence will adequately protect the public, but the conditions of release that a conviction will bring will help to protect the public. Because of the conditions that the Court will impose as part of supervised release, Largo will receive some needed education, care, and training to prevent him from re-offending in the future. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. The Court**

believes that this sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). Moreover, this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court therefore sentences Largo to 12-months and one-day of imprisonment.

The Court will also modify the USPO`s Proposed Condition of Supervised Release No. 5. Largo objects to the proposed condition of supervised release, which states: "Defendant must not have contact with children under the age of 18 without prior written permission of the probation officer." Largo has three children under the age of eighteen, and argues that there are no allegations that he has abused his own children. The United States argues that the victim in this case was eleven-years old at the time of her abuse and was Largo`s niece. The United States asserts that the circumstances of the case, particularly the ages of his daughters, who are eleven and thirteen, support the condition that the USPO proposes.

Largo does not object to the imposition of the proposed special condition except as it applies to his contact with his children. Largo`s relationship with his children involves a significant liberty interest with which the Court may interfere only under "compelling circumstances." United States v. Smith, 606 F.3d 1270, 1283 (10th Cir. 2010). The Court recognizes that Largo has pled guilty to sexual contact with his eleven-year old niece, J.L., and that J.L.`s age at the time of the offense is close to the ages of Largo`s daughters. The Court spoke to Largo`s daughters in a bench conference at the July 27, 2011 hearing and has thoroughly reviewed the record in this case. The Court cannot, however, find, on the record before it, that there is evidence that Largo has hurt his children or that he presents a specific danger to them. While the Court finds that there is sufficient evidence in the record to show that Largo may present a danger to children generally, there is no evidence suggesting that Largo has harmed his own children in any way. Additionally, the Court has not yet been able to obtain a psycho-sexual evaluation, which may help it determine whether Largo presents a danger to his children. In United States v. Smith, the Tenth Circuit addressed similar circumstances and found that, while the defendant presented a danger to children generally, there was no evidence that he would harm his child. See 606 F.3d at 1283. The USPO`s treatment of Largo`s contact with his children up until this point further supports the Court`s determination that, at this time, an exception to the special condition should be made so that it does not bar his contact with his children. During his time on pretrial release, Largo has had contact with his children without objection from the United States. The United States has not adequately articulated why there are "compelling circumstances" to now bar Largo from having contact with his children without the USPO`s prior approval. Additionally, that Largo`s wife is a homemaker, who does not work outside the home and who will likely be present for most of Largo`s interactions with his children, addresses some of the Court`s concern about this contact. Largo also acknowledges the Court`s authority to modify this condition and restrict his contact with his children should a psycho-sexual evaluation indicate that he presents a danger to them. The Court believes that here, where there is no evidence, on the record before it, that Largo has harmed his children and the United States has not objected to Largo`s significant contacts with his children during pretrial release, the Court cannot reasonably find that there are "compelling circumstances" to justify interfering with this liberty interest. United States v. Smith, 606 F.3d at 1283. Accordingly, the Court will sustain Largo`s objection to Proposed Special Condition Number 5, and will modify it to create an exception allowing Largo to have contact with his own children without his probation officer`s prior approval.

☐     The court makes the following recommendations to the Bureau of Prisons:


☒     The defendant is remanded to the custody of the United States Marshal.
☐     The defendant shall surrender to the United States Marshal for this district:
        ☐     at  on
        ☐     as notified by the United States Marshal.
☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        ☐     before 2 p.m. on
        ☐     as notified by the United States Marshal
        ☐     as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL


By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Damon Largo**
Case Number: **1:09CR03447-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).

☒   The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).

☒   The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state, or tribal sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense;

14)  the defendant shall grant a limited waiver of his/her right of confidentiality and any records of mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the probation officer and sign all necessary releases to enable the probation officer to monitor the defendant's progress. The probation officer shall disclose the presentence report and/or any previous sex offender or mental health evaluations to the treatment provider;

15)  the defendant shall not possess any materials including any photographs, images, books, writings, drawings, videos, or video games depicting and/or describing sexually explicit conduct or describing child pornography, as defined in 18 U.S.C. 2256(2) or 18 U.S.C. 2256(8);

16)   the defendant shall submit to search of person, property, vehicles, business, computers, and residence, to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting sexually explicit material, as defined in 18 U.S.C. 2256(2) or 18 U.S.C. 2256(8); and at the direction of the probation officer. The defendant must inform any residents that the premises may be subject to a search;

17)   the defendant shall immediately undergo a psychosexual evaluation upon release and begin participating in sex offender treatment, consistent with the recommendations of the psychosexual evaluation. Furthermore, the defendant shall submit to clinical polygraph testing and any other specific sex offender testing, as directed by the probation officer;

18)   the defendant shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication;

19)   a defendant's use and/or possession of alcohol may be restricted if recommended by the treatment provider as a result of ongoing treatment;

20)   the defendant shall not go near or enter the premises where the victim resides or is employed, except under circumstances approved in advance and in writing by the probation officer;

21)   the defendant shall not have any direct or indirect contact or communication with the victim, except under circumstances approved in advance and in writing by the probation officer;

Defendant: **Damon Largo**
Case Number: **1:09CR03447-001JB**

<h2 style="text-align:center">SPECIAL CONDITIONS OF SUPERVISION</h2>

**The defendant must not loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places used primarily by children under the age of 18.**

**The defendant must not volunteer for any activities in which he supervises children or adults with mental or physical disabilities.**

**The standard sex offender conditions to which the Defendant must comply are those recently amended by the Court.**

**The Defendant must participate in and successfully complete a mental health treatment program as approved by the probation officer, which may include outpatient counseling and prescribed medication. The Defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Officer.**

**The Defendant shall have no contact with the victim at any time.**

**The Defendant must not possess or use a computer with access to any ``on-line computer service`` at any location without the prior written approval of the probation office. The Defendant must allow the probation officer to install appropriate software to monitor the use of the Internet. This condition shall not apply to employment.**

**The Defendant must not have contact with children under the age of 18. He must immediately report unauthorized contact with children to the probation officer. This condition shall not apply to the Defendant`s 3 children.**

**The Defendant is restricted from engaging in an occupation where has access to children.**

**The Defendant shall reside at and complete a program at a Residential Re-Entry Center as approved by the probation officer for a period of 6 months.**

Defendant: **Damon Largo**
Case Number: **1:09CR03447-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐        The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | **$100.00** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A        ☒  In full immediately; or

B        ☐  $  immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Mandatory Victim Restitution Act of 1996 is applicable in this case. No documented financial restitution claim has been made at the time; therefore, no restitution will be ordered.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.